In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-416 CV


____________________



IN RE GILBERT T. ADAMS III






Original Proceeding






 MEMORANDUM OPINION


 Gilbert T. Adams III filed a petition for writ of mandamus in which he seeks to
prevent the judge presiding in his divorce proceedings from conducting an in camera review
of certain treatment records that are the subject of a request for production by the real party
in interest, Tonya Connell Adams. The records concern a subject matter generally at issue
in a child custody case. Relator contends the documents cannot be reviewed in camera
because the documents are confidential records protected from disclosure by federal statute. 
Relator also contends he is entitled to a protective order.

 In 2003, the real party in interest sought production of the relator's records relating
to medical treatment. See Tex. R. Civ. P. 196. Relator neither timely objected to the request
nor complied with it. See Tex. R. Civ. P. 193.2, 196.2. Relator explains the parties
reconciled but eventually resumed active litigation. In February 2006, the real party in
interest sought to obtain the documents directly from the service providers through
depositions on written questions. See Tex. R. Civ. P. 200. The relator executed releases of
the records to the providers, obtained the records through counsel, delivered the records to
the trial court under seal, and filed a motion for protective order that requested that the
notices of intent to take deposition on written questions be withdrawn. The relator
subsequently invoked a federal confidentiality statute as to the records obtained from two of
the providers. The real party in interest did not deny that the records were generated by
federally regulated providers, and relied on the relator's procedural default under state law. 
The trial court found that no timely objections had been made to the production of the
records, found the records are relevant and probative and "at issue in this child
custody case [,]" and ordered the records be released for in camera inspection for relevance. 
The trial court has refrained from reviewing the documents while the relator prepared and
presented this petition for mandamus relief.

 The relator contends the trial court lacks the authority to review the documents in its
possession because the real party in interest failed to follow the protocols in the federal
regulations that govern disclosure of the records. The relator obtained the documents by
executing a consent form and the trial court signed an order authorizing a release of the
records for in camera inspection. We note that the federal regulations relied upon by the
relator expressly permit the judge to examine the records in chambers. As that is the only
court action contemplated at this time, mandamus preventing that review is not appropriate. 

 The relator also challenges the trial court's finding that no timely objections were
made to the request for production and interrogatories. He argues that because the request
for production was improper, he was not required to assert objections. The trial court's
finding is supported by the mandamus record. We note, however, that the regulations
implementing the federal disclosure statutes provide that no state law may authorize or
compel a disclosure prohibited by the regulations. Before the trial court may authorize a
disclosure on a showing of good cause, the court must determine that other ways of obtaining
the information are not available or would not be effective, and that the public interest and
need for disclosure outweigh the potential injury to the relator, the physician-patient
relationship, and the treatment services. Furthermore, any order authorizing disclosure must
limit disclosure to those parts of the record essential to fulfilling the objective of the order,
limit disclosure to those persons whose need for information is the basis for the order, and
include such other measures as are necessary to limit disclosure for the protection of the
relator, the physician-patient relationship, and the treatment services. 

 The trial court has not ordered disclosure of the documents to the real party in interest,
but has indicated an intent to review the documents in camera. We are confident that any
disclosure ordered by the trial court will comply with applicable federal requirements. The
trial court has exercised restraint in facilitating mandamus review and we are confident that
any further orders will be crafted in a manner that will allow any necessary review prior to
disclosure of protected documents. The relator's petition for writ of mandamus is denied
without prejudice. All pending motions are denied as moot.

 WRIT DENIED.

 PER CURIAM


Opinion Delivered September 26, 2006

Before McKeithen, C.J., Gaultney and Kreger, JJ.